UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:21-cr-069 SEB-DML |
| DYLAN OSTRUM, | ) |
| Defendant. | ) |

## DECLARATION OF ATF SPECIAL AGENT TODD BEVINGTON

1.    I, Todd Bevington, am currently employed as a special agent for the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF). I have been so employed since 2013. I have prepared this declaration to be incorporated into the United States' response to Defendant Dylan Ostrum's (hereinafter, Defendant) motion to suppress.

2.    I was one of the law enforcement officers who executed a search warrant at the Defendant's Indianapolis residence on February 3, 2021. The application and search warrant is contained at Exhibit 1-A; the warrant authorized, among other items, the seizure of keys. In executing the February 3, 2021 search warrant, a keyring containing a number of keys, to include keys to two safes and keys to a Chrysler 300, was seized.

1



GOVERNMENT EXHIBIT 1

3.     I interviewed the Defendant at his residence on February 3, 2021; an audio file of that interview is contained at Exhibit 2.

4.     As set forth in my Affidavit in Support of the Criminal Complaint (at Docket 2), I was aware that the Defendant had been driving a Chrysler 300; that vehicle was not at the Defendant's residence when we executed the February 3, 2021 search warrant.

5.     Based upon our February 3, 2021 interview of the Defendant, as well as the lack of evidence found within Defendant's home on February 3, 2021, other law enforcement officers and I believed that the Defendant had stored his contraband (drugs, drug proceeds, and firearms) at a location other than his home, as a result of the recent arrest of the Defendant's methamphetamine source; we were skeptical that these items would be found where the Defendant claimed they were located (that is, at his father's residence). Other agents and I believed it was extremely likely that the contraband would be found inside the Chrysler 300. From my training and experience, I know that drug traffickers frequently store their contraband in vehicles, which is a location over which they have control, but is at least marginally removed from their personal residences.

6.     In an attempt to locate the Chrysler 300, we traveled to residences to which we knew Defendant was associated. At one such Indianapolis residence, we located the Chrysler 300. After receiving permission from the occupant of the home to do a free air sniff on the premises, an IMPD K9 was utilized, but did not alert to the presence of the odor of narcotics at the Chrysler 300.

7. The Vehicle Identification Number (VIN) was visible on the dashboard of the vehicle. That VIN was then run through the Indiana Bureau of Motor Vehicles (BMV), and the vehicle alerted as a being in the National Crime Information Center (NCIC) database as a stolen vehicle. That NCIC hit on the Chrysler 300 is attached as Exhibit 1-B. This information was received from the NCIC database before any search of the vehicle occurred.

8. Upon learning that the Chrysler 300 was a stolen vehicle, the decision was made that the car would be impounded so that it could be returned to the owner. Before this impound could occur, the car had to be inventoried, pursuant to IMPD General Order 7.3.

9. IMPD General Order 7.3, Section III.H, requires that stolen vehicles be entered into IDACS/NCIC, and an original incident report must be made; this policy further mandates that recovered stolen vehicles be removed from NCIC by the same process. Through my review of IMPD reports, I am aware that this occurred. Exhibit 1-B; also see Exhibit 1-C, October 29, 2020 IMPD Report (including February 3, 2021 Supplement, showing that the vehicle was to be removed from the NCIC database).

10. I have been in communication with Thomas Teefey, Regional Security Manager for Avis Budget Group. In response to my query for documents about the stolen Chrysler 300, I received the document attached as Exhibit 1-D. Based upon my conversations with Mr. Teefey, as well as my review of Exhibits 1-C and 1-D, I am aware that the Chrysler 300 was rented by a Stephanie Vinson, and that it was reported stolen after she failed to return it to Avis. Avis

Rental Car has no record of Defendant Dylan Ostrum ever being an authorized renter or driver of this vehicle.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 7th day of May, 2021.

_____
Todd Bevington
Special Agent, ATF



**ELECTRONICALLY FILED**
02/02/2021 14:29:54
Myla L. Eldridge
Clerk of the Marion Circuit Court
Case Number: 49D20-2012-MC-003547
Transaction ID: 84E86CC2A06D47A

**Tuesday, February 02, 2021**

# Electronic Search Warrant Cover Sheet

An Affidavit for a Search Warrant has been submitted by:

**Date:** 02/02/2021

**Time:** 14:27:13

**Officer:** Garland Cooper

**Phone:** ██████████

**Email:** ██████████████

**Officer Additional Comments:**



```
Judicial Officer Name : Jason Reyome
        Cause Number : 49D20-2012-MC-003547
      Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
              Ruling : GRANTED
       Sealed Warrant : No
```

# Marion County
# Electronic Search Warrant Submission Form



| HAS THIS AFFIDAVIT BEEN SUBMITTED BEFORE TO ANOTHER JUDGE*? | YES ☒ NO |
|---|---|
| (*PLEASE NOTE: IF PREVIOUSLY SUBMITTED TO A JUDGE, ANY ADDITIONAL SUBMISSIONS SHOULD BE DIRECTED TO THE SAME JUDGE IF AT ALL POSSIBLE.) | |
| IF YES, NAME OF JUDGE | |
| CASE NUMBER | |

| WAS A SEARCH WARRANT ISSUED WITH THAT SUBMISSION*? | YES NO |
|---|---|
| IF YES, CASE NUMBER | |

## SEARCH WARRANT PRIORITY: *REQUIRED FIELD

| | Critical | Threat to life. i.e. SWAT waiting to make entry on a hostage barricade |
|---|---|---|
| ☒ | Time Sensitive | Significant amount of public safety resources waiting on warrant, imminent destruction or imminent loss of evidence (i.e. DUI's) that would not otherwise be considered an exigent circumstance exception |
| | Routine | All Others – This would include most narcotics warrants where we are not currently "holding" a location |

**I swear and affirm, under penalty of perjury as specified by IC 35-44.1-2-1, that the foregoing and following representations in this document submission are true.**

*REQUIRED FIELDS DATE: 2/2/2021        TIME SUBMITTED:        2:27 PM

| SUBMITTING OFFICER NAME | GARLAND COOPER |
|---|---|
| PHONE NO | |
| EMAIL ADDRESS | |

*Please enter a valid phone number and email address where the Clerk of the Court/Judicial Officer can contact the officer in case of question*

ADDITIONAL OFFICER COMMENTS:                    *Document Version 2.0 Effective Date: 5-8-2017*

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

STATE OF INDIANA      )             IN THE MARION SUPERIOR COURT
                            ) SS:      CRIMINAL DIVISION _____
COUNTY OF MARION     )

                                      CAUSE NO:

IN THE MATTER OF         )
A REQUEST FOR THE       )
ISSUANCE OF A            )
SEARCH WARRANT        )

## SEARCH WARRANT AFFIDAVIT

I, Garland Cooper, being first duly sworn upon my oath, state as follows:

I am a police officer with the Indianapolis Metropolitan Police Department. I have been a police officer in Marion County since 2009. I am a "law enforcement officer" as that term is defined in I.C. 35-31.5-2-185.

I am currently assigned as a Detective to the Indianapolis Crime Gun Intelligence Center of the IMPD and have been so assigned since November 2019. In connection with my official duties, I am involved in investigations relating to violations of the Indiana controlled substance and firearms laws. Prior to this assignment I was assigned as a narcotics investigator for IMPD from July 2016 to November 2019.

I have received training relating to enforcement of the Indiana controlled substances laws, and firearm laws, including the following:

1. My initial training at the IMPD Academy in 2009. I have satisfied the minimum basic training requirements established by rules adopted by the law enforcement training board under I.C. 5-2-1-9 and described in I.C. 35-37-4-5

2. DEA Basic Detective School, September 2016

3. Basic Criminal Interdiction for the Street Officer Training

4. IMPD/ATF Gun Liaison Training

5. IDEAS Mobile Surveillance School, August 2017

6. Top Gun Undercover Narcotics School, September 2017

7. During the course of my law Enforcement career I have been involved in numerous narcotic investigations.

8. Yearly in-service training.

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

Based upon my training and experience, I am familiar with the methods employed by individuals engaged in the trafficking of controlled substances, including the following:

1. Individuals involved in the trafficking of controlled substances often use residences or other buildings or structures where they do not generally reside to conduct controlled substances transactions, to prepare and store controlled substances prior to delivery or to use controlled substances. These residences or other buildings are sometimes referred to as "stash houses."

2. Individuals involved in the trafficking of controlled substances often work in concert with other individuals in the course and conduct of the illegal enterprise. Sometimes, the individuals acting in concert divide the tasks associated with the preparation, packaging and sale of controlled substances. For example, one individual might be in possession of the controlled substances, and another individual in possession of the cash proceeds of sales of the controlled substances, while yet another individual acts as a "lookout."

3. At any residence, building or structure where controlled substances are being sold, there will often be present at that location items used for processing, diluting, weighing, packaging and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, baking soda, microwave ovens, Pyrex containers and items to dilute the purity of the controlled substance, such as inositol, dorman, quinine and mannite.

4. At any residence, building or structure where controlled substances are being sold, there will often be present at that location certain papers, documents or other items of personal property that may aid in the identification of the individuals involved in the trafficking of controlled substances or which may provide evidence of the connection of such individuals to the location where controlled substances are being sold. Such papers, documents or other items of personal property include:

    a. Identification cards;
    b. Receipts, invoices and billing statements;
    c. Photographs and videotapes;
    d. Financial records;
    e. Papers relating to Court appearances and/or probation or parole requirements:
    f. Cancelled mail;
    g. Deeds;
    h. Lease or rental agreements;
    i. Personal telephone books;

SW Residence v.2017.02.14

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

j.     Diaries;

k.     Keys.

5.     Individuals involved in the trafficking of controlled substances often maintain written ledgers in some form, which written ledgers indicate the identity of customers and suppliers of controlled substances and indicate whether money has been paid or remains owing for controlled substances transactions.

6.     Individuals involved in the trafficking of controlled substances often use cell phones, pagers and other types of electronic communication equipment to communicate with customers and suppliers of controlled substances. These cell phones, pagers and other electronic communication equipment generally store historical data regarding the prior use of such equipment, including voice messages, text messages, contact information and a history of contacts to and from the cell phone, pager or other electronic equipment.

7.     Individuals involved in the trafficking of controlled substances generally conduct controlled substances transactions using United States currency and such individuals often maintain substantial sums of United States currency either on their person or stored at some other location.

8.     Individuals involved in the trafficking of controlled substances often use code words or numerical codes in the course of conducting their controlled substances transactions.

9.     Individuals involved in the trafficking of controlled substances often maintain possession and control of firearms, to attempt to protect themselves and their illegal controlled substances enterprise;

10.     Individuals involved in the trafficking of controlled substances often use false names, "street names," false identifying information and bogus business names to attempt to conceal their true identity and purpose.

11.     Individuals involved in the trafficking of controlled substances generally attempt to conceal their inventory of controlled substances and the proceeds from the sales of their controlled substances, using a variety of methods, including the following:

a.     Safe deposit boxes;

b.     Storage facilities;

c.     Hidden compartments in vehicles;

d.     Concealed or hidden rooms or storage compartments within the residence or other building or structure where controlled substances are being sold;

e.     Safes;

f.     Hidden compartments in everyday household products, such as soft drink containers, food containers or spray cans.

Judicial Officer Name : Jason Reyome
Cause Number : 449D20-2012-MC-003547
Transaction ID : 84E86CC2A0D6D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

12. Individuals involved in the trafficking of controlled substances generally attempt to conceal any paper trail of financial transactions of the illegal enterprise through the extensive use of currency and through the use of money orders, prepaid gift cards, debit cards and credit cards and by placing assets in false names or in the names of relatives, friends and associates.

13. Individuals involved in the trafficking of controlled substances sometimes use video surveillance equipment to observe, from inside a residence, building or other structure, anyone who might attempt to approach such residence, building or other structure.

14. Individuals involved in the trafficking of controlled substances sometimes use computers in the course and conduct of such illegal enterprise.

15. Individuals involved in the trafficking of controlled substances generally do not file income tax returns. However, if such individuals do file income tax returns, such income tax returns generally contain false or incomplete information.

16. Individuals involved in the trafficking of controlled substances sometimes travel outside of Marion County and/or outside of the State of Indiana in furtherance of their illegal enterprise, to obtain controlled substances, to pay for controlled substances, or to transport or spend the proceeds of the sales of controlled substances.

*The facts set forth in this Affidavit are based on my personal participation in this investigation and from information provided by Detectives, Federal Agents, Federal Task Force Officers, and Police Officers from various law enforcement agencies; collectively referred to as the "investigators." I am also incorporating my experience, training, and background as a narcotics detective and police officer. Because this Affidavit is being submitted solely for establishing probable cause to search the residence listed herein, I have not included each and every fact known to me concerning this investigation.*

## INVESTIGATION

I seek authorization to execute a search warrant at          Caven Street,

Indianapolis, Marion County, Indiana. As set forth below, through investigation to date, I

have learned that Dylan OSTRUM resides at this location, and there is probable cause to

believe that evidence of drug trafficking and illegal firearm possession will be found at

this residence.

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

During this investigation, investigators conducted a computerized criminal history check (CCH) on Dylan OSTRUM and learned Dylan OSTRUM had sustained numerous felony convictions in Indiana, to include: burglary under cause #49G01-1212-FB-083955, possession of methamphetamine and possession of a narcotic drug under cause #48C01-2002-F6-000337, possession of marijuana under cause #41C01-1811-F6-000581 and possession of a controlled substance under cause #32D02-1702-F3-000010. Based on Dylan OSTRUM's criminal history, he is prohibited from possessing firearms.

**Information provided by CS-1**

On January 8, 2021, investigators arrested an individual (hereinafter referred to as CS-1)[1] in Indianapolis who was in possession of two firearms and approximately one hundred twenty (120) grams of methamphetamine. Investigators advised CS-1 of his/her *Miranda* warnings and voluntarily agreed to speak with investigators. CS-1 provided information on numerous firearm and narcotics traffickers in Indianapolis, including OSTRUM. CS-1 stated OSTRUM resided at a residence in southwest Indianapolis and provided investigators with a description/location of the residence and stated OSTRUM drove a white colored Cadillac sedan.

---

[1] CS-1 had sustained numerous felony convictions, to include: possession of methamphetamine, auto theft, dealing and possession of hash oil, theft, burglary, maintaining a common nuisance, resisting law enforcement, false or fictitious registration and failure to return to lawful detention. CS-1 was interviewed by investigators following his/her January 2021 arrest and made statements implicating his/her involvement in a large scale drug trafficking organization. CS-1's statements have been largely corroborated by independent police investigation, to include: interviews and information obtained from co-defendant's cell phone(s). Information provided by CS-1 led to the seizure of numerous firearms, large quantities of controlled substances and the arrest of an individual who is currently awaiting trial in United States District Court. I am unaware of any false statements made by CS-1; however, CS-1 has discontinued communication with investigators since his/her January 2021 arrest.

SW Residence v.2017.02.14

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

Investigators drove to the location provided by CS-1 and observed a white Cadillac sedan parked in the yard of ▮▮▮▮ Craven Street (hereinafter the Caven Street residence). Investigators queried this vehicle through the Indiana Bureau of Motor Vehicles (BMV) and learned this vehicle was registered to OSTRUM and the Caven Street residence. Investigators also observed a light blue newer model Chrysler 300 the plate on this was also registered to OSTRUM and the W. CAVEN Street Address, but it did not come back to the Chrysler 300 that was parked on the property.

CS-1 stated he/she had been in the Caven Street residence on numerous occasions and observed OSTRUM in possession of numerous firearms, pound quantities of marijuana and ounce quantities of methamphetamine. CS-1 stated OSTRUM sold firearms from the residence but stated OSTRUM possessed numerous firearms that were "his" and he was unwilling to sell "his" firearms.

CS-1 further stated OSTRUM was part of the "Hellraisers"[2] gang. Investigators located photographs of OSTRUM and his social media (Facebook) account and observed a photograph of OSTRUM with a large "Hellraiser" tattoo on his back. CS-1 also provided investigators with OSTRUM's cellular telephone number.

## Information provided by CS-2

During January 2021, investigators were contacted by a second confidential source (CS-2)[3] regarding Dylan OSTRUM and the Caven Street residence. CS-2 stated

---

[2] Based on my experience as a law enforcement officer, I know the Hellraisers are an Indianapolis based gang operating primarily in the south side of Indianapolis. I know the Hell Raisers are heavily involved in firearm and drug trafficking, burglaries and prostitution.

[3] CS-2 is cooperating with law enforcement for charging consideration on a felony controlled substance/firearms offense. CS-2 had sustained numerous felony convictions, to include: forgery. CS-2 was interviewed by investigators following a July 2020 search

Judicial Officer Name : Jason Reyome
Cause Number : 749D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

to investigators that he/she had been inside the Caven Street residence on numerous occasions and had observed OSTRUM in possession of numerous firearms, pound quantities of marijuana and ounce quantities of methamphetamine. As set forth below, CS-2 stated that he/she was present when an individual (CS-3) 'obtained' (either bought or traded methamphetamine with OSTRUM) a firearm from OSTRUM at the Caven Street residence. CS-2 stated OSTRUM was on 'house arrest' at the Caven Street residence and stated OSTRUM drove a light blue Chrysler 300 sedan.

Investigators confirmed that OSTRUM was currently on 'house arrest' at the Caven Street residence for his 2020 conviction in Madison County, Indiana, for possession of methamphetamine and possession of a narcotic drug under cause #48C01-2002-F6-000337. Based on CS-2's description of OSTRUM's vehicle, I believe CS-2 was describing the Chrysler 300 which was parked at ███ Caven Street with a plate on it registered to a Cadillac belonging to OSTRUM on Caven Street.

## **Information provided by CS-3**

In late January, 2021, investigators arrested an individual (hereinafter referred to as CS-3)[4] in Indianapolis who was in possession of numerous firearms and large

---

of his/her residence and made statements implicating his/her involvement in a large scale drug trafficking organization. CS-2's statements have been largely corroborated by independent police investigation, to include: interviews, social media, controlled narcotics purchases and surveillance. CS-2 has provided information leading to the arrest of no less than seven individuals for controlled substance and firearms related offenses. As a result of these arrests, investigators have seized large quantities of controlled substances and currency and numerous firearms. I am unaware of any false statements made by CS-2 and I believe his/her information is credible and reliable.

[4] CS-3 had sustained numerous felony convictions, to include: burglary, criminal confinement, domestic battery and possession of methamphetamine. CS-3 was interviewed by investigators following his/her January 2021 arrest and made statements implicating his/her involvement in a large scale drug trafficking organization. CS-3's statements have been largely corroborated by independent police investigation, to

Judicial Officer Name : Jason Reyome
Cause Number : 849D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

quantities of controlled substances. Investigators advised CS-3 of his/her *Miranda* warnings and voluntarily agreed to speak with investigators. CS-3 admitted his/her involvement in trafficking large quantities of methamphetamine and other controlled substances in the Indianapolis metropolitan area.

CS-3 stated that OSTRUM was one of his/her primary methamphetamine customers. CS-3 stated he/she had been delivering several pounds of methamphetamine per week (for the past several months) to OSTRUM and the Caven Street residence. CS-3 further stated he/she typically transported the methamphetamine to OSTRUM/Caven Street because OSTRUM was on 'house arrest' at the residence.

CS-3 stated he/she had seen OSTRUM in possession of numerous firearms and pound quantities of controlled substances (marijuana and methamphetamine) inside the Caven Street residence on almost a daily basis for the past several months. Like CS-1, CS-3 stated that OSTRUM sold and traded firearms, however OSTRUM was unwilling to part with "his" firearms that he stores at the residence. As described above, CS-3 stated he/she acquired one of the firearms seized by investigators during his/her January 2020 arrest from OSTRUM at the Caven Street residence.

CS-3 gave investigators consent to search his/her cell phone following his/her January 2020 arrest. CS-3 was communicating with OSTRUM on the same telephone number that CS-1 had previously provided as OSTRUM's cell phone number.

---

include: interviews and information obtained from co-defendant's cell phone(s), social media, recorded phone calls and firearms and narcotics seizures. Information provided by CS-3 led to the seizure of firearms, large quantities of currency and controlled substances and the arrest of one individual who is currently awaiting trial in United States District Court. I am unaware of any false statements made by CS-3 and I believe his/her information is credible and reliable.

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

Investigators observed CS-3 had been communicating via SMS with OSTRUM regarding their illegal drug trafficking activities for the past several months. During this time period, OSTRUM sent CS-3 photographs of pound quantities of controlled substances on numerous occasions. Based on these photographs and SMS, I believe the information provided to investigators by CS-3 to be truthful. For example, on November 21, 2020, OSTRUM sent CS-3 a photograph of marijuana and several firearms. Following these photographs, OSTRUM sent CS-3 a message asking, "Do you want some gas gas for 300 an oz?" This is, OSTRUM was telling CS-3 that OSTRUM was selling high grade marijuana for $300.00 per ounce. On November 26, 2020, OSTRUM sent CS-3 a message stating, "I got 29 ozs and 4 ozs of ice. I owe you and the bud dude ($2300)." CS-3 responded, "So idc. I got 3 ½ elbows (pounds) of go (methamphetamine)." On December 13, 2020, CS-3 inquired about purchasing a firearm from OSTRUM. OSTRUM replied, "Bro no. Im not coming off this pistol. Over my dead body." On December 16, 2020, OSTRUM sent CS-3 a message stating, "I csn (can) get bows (pounds) of ice (methamphetamine) fronted." On January 6, 2021, OSTRUM sent CS-3 a series of messages; "I need more when you get a chance. ▋▋▋caven st,. Im about to pay my 9 band ($9000.00) debt off to the weed plug real quick si I wint (won't) to be able to pay cash for the ice till my bud (marijuana) flips." On January 26, 2021, OSTRUM sent CS-3 a message stating, "You know im out of stuff right."

Based on the above facts, I believe that OSTRUM has been engaged in the on-going distribution of controlled substances. Based on the last message OSTRUM sent CS-3, I believe OSTRUM was out of controlled substances but was actively seeking to

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

obtain more. Based on the message(s) detailed above and other information known to investigators, I believe OSTRUM has more than one source of supply (SOS) for his controlled substances, and likely obtained controlled substances from an SOS other than CS-3.

Although the confidential sources mentioned in this Affidavit stated they were able to purchase quantities of controlled substances and/or firearms from Dylan OSTRUM/Caven Street residence at the direction of investigators, investigators considered and rejected this possibility. As set forth above, CS-1 provided investigators with credible and truthful information, however CS-1 has discontinued contact with investigators. CS-2 and CS-3 are currently incarcerated on pending cases and coordinating his/her releases from jail to proactively cooperate with investigators would require several levels of judicial approval. I believe utilizing confidential source(s) to make 'controlled purchases' from OSTRUM/Caven Street are unnecessary to accomplish the objectives of this investigation.

## Conclusion

Based on the information provided in this affidavit, I believe evidence supporting Dylan OSTRUM's involvement in illegal firearms possession and drug trafficking will be recovered from inside the residence of          Caven Street.

Three confidential sources who were independently interviewed by investigators, provided almost identical information regarding OSTRUM's on-going possession of illegal firearms and controlled substances inside the Caven Street residence. Further,

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

OSTRUM is on court mandated 'house arrest' at the residence from a controlled substance related conviction.

## **REQUEST FOR SEARCH WARRANT**

Based upon the facts and circumstances set forth above, I hereby request that the Court issue a "Search Warrant", authorizing law enforcement officers to search the residence, and any and all outbuildings located at ███████ **Caven Street, Marion County, Indiana**, which residence is more particularly described as follows:

The residence can be described as a single family, single story wood structure. This residence has tan siding, white trim, and a brown shingled roof. The residence has a small covered concrete porch on the front (Southeast) corner of the residence leading to the front door. The numbers ██████ are affixed in black numbers to roof canopy that covers the concrete porch.

Based upon the facts and circumstances set forth below, I hereby request that the Court issue a search warrant due to the fact that I fear for the safety of the officers who will be executing the search warrant based upon the following information and the information above:

1. Individuals involved in the trafficking of controlled substances often work in concert with other individuals in the course and conduct of the illegal enterprise. Sometimes, the individuals acting in concert divide the tasks associated with the preparation, packaging and sale of controlled substances. For example, one individual might be in possession of the controlled substances, another individual in possession of the cash proceeds of sales of the controlled substances, while yet another individual acts as a "lookout." There were "lookouts" seen by undercover detectives during the course of this investigation.

2. I have learned through my training and experience that individuals who sell narcotics will flush the narcotics in the toilet when alerted that Police are attempting to make entry in to the residence.

3. Individuals involved in the distribution of narcotics are known to affix cameras to the outside of the residence to see who is coming and going from the residence. This is also used to see if police are approaching the residence giving the individuals time to retrieve weapons before police enter or time to rid of any evidence.

SW Residence v.2017.02.14

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

4. Other factors that would cause a concern for officer safety is the layout of the residence. There is not a good area to get cover or concealment for officers approaching.

5. The above facts are all officer safety issues which could eliminate the element of surprise for officers serving a warrant and increase the ability of subjects to destroy potential evidence. This particular neighborhood is also high crime and high activity, meaning there are usually numerous individuals out and about on the streets at all hours.

Based upon the facts and circumstances set forth above, I hereby request that the Court issue a search warrant, authorizing a search of the residence particularly described above and authorizing law enforcement officers to search for and seize the following:

1. Controlled substances, to include: methamphetamine, and marijuana;

2. United States currency;

3. Any and all items used for processing, diluting, weighing, packaging and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, baking soda, microwave ovens, Pyrex containers, and items to dilute the purity of controlled substances, such as inositol, dorman, quinine and mannite;

4. Any and all papers, documents and other items of personal property that may aid in the identification of the individuals involved in the trafficking of controlled substances at the residence particularly described above or which may provide evidence of the connection of such individuals to the residence particularly described above. Such items would include the following types of items:

    a.    Identification cards;
    b.    Receipts, invoices and billing statements;
    c.    Photographs and videotapes;
    d.    Financial records;
    e.    Papers relating to Court appearances and/or probation or parole requirements;
    f.    Cancelled mail;
    g.    Deeds;
    h.    Lease or rental agreements;
    i.    Personal telephone books;
    j.    Diaries;
    k.    Keys;

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

5. Any and all written ledgers of any kind, which indicate the identity of customers and suppliers of controlled substances and/or indicate whether money has been paid or remains owing for controlled substances transactions;

6. Any and all cell phones, pagers and other types of electronic communication devices, as well as all billing statements, receipts or other documents relating to such communication devices. This affiant is also requesting specific authority from the court to place the cell phone into airplane mode to prevent the remote deletion of any information on the phone;

7. Firearms; Ammunition; Firearms accessories, including holsters, firing pins, magazines, re-loaders, sights, scopes, stands, tripods, cleaning kits, firearm cases and firearms slings;

8. Computers;

9. Any papers, documents or keys relating to any safe deposit boxes;

10. Any papers, documents of keys relating to any storage facilities;

11. Any and all federal and state income tax returns, including all attached schedules and/or quarterly or estimated returns;

12. Safes. This Search Warrant specifically authorized law enforcement officers to use a tool to gain entry into any safe seized, either at the time of seizure or at any later time, to search for these listed items;

13. Any surveillance equipment used to observe, from inside the residence, building or other structure, anyone who might attempt to approach the residence, building or other structure;

14. Any and all papers and documents relating to travel, including travel itineraries, airplane tickets, boarding passes, hotel and motel receipts, passports and visas, and billing statements or receipts relating to travel.

15. Dylan Ostrum, W/M, DOB █████████

I swear or affirm under penalties for perjury that the foregoing representations are true.

/s/ Garland Cooper

Judicial Officer Name : Jason Reyome
Cause Number 1449D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

Detective Garland Cooper
Affiant

Reviewed electronically and approved on this 2nd day of February 2021

/s/ Andrew Wignall
Printed Name:  Andrew Wignall
Deputy          Prosecuting          Attorney

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

| STATE OF INDIANA | ) | | IN THE MARION |
| SUPERIOR COURT | | ) SS: | CRIMINAL DIVISION |
| COUNTY OF MARION | ) | | CAUSE NO.: |

| IN THE MATTER OF | ) |
| A REQUEST FOR THE | ) |
| ISSUANCE OF A | ) |
| SEARCH WARRANT | ) |

## LIST OF PROPERTY, OBJECTS, THINGS, INFORMATION OR PERSONS TO BE SEIZED OR PRODUCED

Law enforcement officer(s) are hereby authorized and ordered, in the name of the State of Indiana, with the necessary and proper assistance, to execute the **SEARCH WARRANT** attached to this List of Property, Objects, Things, Information or Persons Seized or Produced ("List") and search the residence, and any and all outbuildings located at ▮▮▮▮ **Caven Street,** Indianapolis, Marion County, Indiana, which residence is more particularly described as follows:

The residence can be described as a single family, single story wood structure. This residence has tan siding, white trim, and a brown shingled roof. The residence has a small covered concrete porch on the front (Southeast) corner of the residence leading to the front door. The numbers ▮▮▮▮ are affixed in black numbers to roof canopy that covers the concrete porch.

This **SEARCH WARRANT** authorizes law enforcement officers to search for and seize the following:

1.  Controlled substances, to include: methamphetamine, and marijuana.

2.  United States currency;

3.  Any and all items used for processing, diluting, weighing, packaging and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, baking soda, microwave ovens, Pyrex containers, and items to dilute the purity of controlled substances, such as inositol, dorman, quinine and mannite;

4.  Any and all papers, documents and other items of personal property that may aid in the identification of the individuals involved in the trafficking of controlled substances at the residence particularly described above or which may provide evidence of the connection of such individuals to the residence particularly described above. Such items would include the following types of items:

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

l.      Identification cards;

m.     Receipts, invoices and billing statements;

n.      Photographs and videotapes;

o.      Financial records;

p.      Papers relating to Court appearances and/or probation or parole requirements;

q.      Cancelled mail;

r.       Deeds;

s.      Lease or rental agreements;

t.       Personal telephone books;

u.      Diaries;

v.       Keys;

5.      Any and all written ledgers of any kind, which indicate the identity of customers and suppliers of controlled substances and/or indicate whether money has been paid or remains owing for controlled substances transactions;

8.      Any and all cell phones, pagers and other types of electronic communication devices, as well as all billing statements, receipts or other documents relating to such communication devices. This affiant is also requesting specific authority from the court to place the cell phone into airplane mode to prevent the remote deletion of any information on the phone;

9.      Firearms; Ammunition; Firearms accessories, including holsters, firing pins, magazines, re-loaders, sights, scopes, stands, tripods, cleaning kits, firearm cases and firearms slings;

8.      Computers;

9.      Any papers, documents or keys relating to any safe deposit boxes;

10.     Any papers, documents of keys relating to any storage facilities;

11.     Any and all federal and state income tax returns, including all attached schedules and/or quarterly or estimated returns;

12.     Safes. This Search Warrant specifically authorized law enforcement officers to use a tool to gain entry into any safe seized, either at the time of seizure or at any later time, to search for these listed items;

13.     Any surveillance equipment used to observe, from inside the residence, building or other structure, anyone who might attempt to approach the residence, building or other structure;

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

14. Any and all papers and documents relating to travel, including travel itineraries, airplane tickets, boarding passes, hotel and motel receipts, passports and visas, and billing statements or receipts relating to travel.

15. Dylan Ostrum, W/M, DOB ███████



Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

STATE OF INDIANA ) IN THE MARION SUPERIOR COURT
) SS: Criminal Division
COUNTY OF MARION )

# SEARCH WARRANT

**TO: ANY LAW ENFORCEMENT OFFICER:**

An Affidavit for a Search Warrant has been submitted to me, a duly authorized Judicial Officer of Marion County, Indiana. I have examined the Affidavit and being duly advised in the premises, FIND and DETERMINE that PROBABLE CAUSE exists for the issuance of this Search Warrant.

**Law Enforcement Officer(s)** are AUTHORIZED and ORDERED, in the name of the State of Indiana, and with the necessary and proper assistance of persons or entities that are shown this Search Warrant, to do the following:
1. Enter into and upon the property and premises;
2. Diligently search for and seize all or part of property, objects, things or information; and
3. Diligently search for and seize the person(s)

**All as described and detailed in the page(s) titled: "List of Property, Objects, Things, Information, or Persons to be Seized or Produced."**

This Search Warrant; the List of Property, Objects, Things, Information, or Persons to be Seized or Produced; along with the Affidavit are a part of this Search Warrant; and are watermarked with my electronic signature, the Court Cause Number and Transaction ID.

SO ORDERED, 02 Day of February, 2021 AT 2:41 PM.

## _s/_ **Jason Reyome**

Judge, Marion Superior Court, (Room D20)

This Search Warrant issued by the Marion Superior Court, Indianapolis, Indiana is pursuant to Indiana Code §35-33-5-8(a)(4) which states: "[t]he affiant and the judge may use an **electronic signature** on the affidavit and warrant." "An electronic signature may be indicated by "s/Affiant's Name" or "s/Judge's Name" or by any other electronic means that identifies the affiant or judge and indicates that the affiant or judge adopts the contents of the document to which the electronic signature is affixed."

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

**SEARCH WARRANT RETURN**

I, the undersigned, executed this warrant on the _____day of _____, 20_____ at
_____o'clock  AM/ PM and that the following items were seized:

_____

*Law Enforcement Officer Name*

*Department Name*

Judicial Officer Name : Jason Reyome
Cause Number : 49D20-2012-MC-003547
Transaction ID : 84E86CC2A06D47A
Date and Time Issued : 02/02/2021 14:41:13
Ruling : GRANTED
Sealed Warrant : No

MECA0000.00001STW35.QV.INHFSN000.MECA0000.*00001STW35.
TXT
orig ori - IN0494907
IDACS REPLY
IN0494907
RTYPE/HIT
ORI/IN0494908  IDX/VX04338978  OCA/20-110625
**** INSTATE **** INSTATE **** INSTATE ****
MKE-STOLEN VEHICLE
ORI/IN0494908
LIC/8PWM779   LIS/CA   LIY/2021   LIT/PC
VIN/2C3CCAEG0LH141817   VYR/2020
VMA/CHRY   VMO/300   VST/4D   VCO/BLK
DOT/20201028
VLN/S BROUILLETTE   VLD/20210112
OCA/20-110625   NOA/Y
MIS/SUSPECT FAILED TO RETURN RENTAL VEHICLE
OPT/OUT
IDX/VX04338978   NIC/V732437568
DTE/20201029
****** IMMED CONFIRM RECORD WITH ORI ******


MRI 9908448 IN: IDACS 42316 AT 03FEB2021 11:43:56
OUT: MECA0000 25628 AT 03FEB2021 11:43:57


## NCIC HIT FOR STOLEN VEHICLE



**GOVERNMENT EXHIBIT**

**1-B**



| Agency | Case Number |
|---|---|
| IP - INDIANAPOLIS/MARION COUNTY POLICE | IP200110625 |
| **Reporting Department** | **Case Report Number** |
| Indianapolis Metro Police | IP200110625-002 |
| **Incident Jurisdiction** | **Reporting Officer** |
| Indianapolis Metro Police | PATTERSON, JEFFREY |

## GENERAL INFORMATION

| | |
|---|---|
| CAD Incident Type: VEHSTL - VEHICLE / STOLEN / DELAYED | **Location of Incident:** |
| **Report Disposition:** Active- Open | |
| **Entered On:** 02/03/2021 1:30:46 PM | 33 N Capitol Ave |
| **Original Entered By:** PATTERSON, JEFFREY | IND, 46204, |
| **Reported On:** 10/29/2020 1:04:07 PM | |

| Occurred On: Thursday, 07/30/2020 3:14:28 PM | Longitude: | | Latitude: |
|---|---|---|---|
| To: , | -86.16183553 | | 39.76742715 |

| Assisted By: | Area: | Sector: | Beat: |
|---|---|---|---|
| | MDT | DT11 | 100000 |

| Suspected Hate Crime: No | Pointed a Firearm: | Fired Weapon: |
|---|---|---|
| **Interpreter Resource Used:** | | |
| **Other Resources:** | | |
| **Media Summary:** Vehicle Larceny | | |

### Other Involved Locations

| | | | |
|---|---|---|---|
| | | | |

## NIBRS CLASSIFICATION

| | |
|---|---|
| NIBRS Classification: N240 - Motor Vehicle Theft | Is Completed: Yes |
| **Primary Sub Category:** Motor Vehicle Theft | |
| **Location Type:** Commercial/Office Building | |
| Hate Crime: None( No/Unknown Hate Crime) | Offender Used or Consumed: Not Applicable/Unknown |
| # Premises Entered: | Forced Entry: |
| **Criminal Activity:** | |
| Domestic Violence: | Weapon(s) Used in Offense: |

## SUSPECT

| Name: Vinson, Stephanie | SSN: | DOB: ▮1986 | Age: 33 |
|---|---|---|---|
| **Alias Name:** | **Alias SSN:** | **Alias DOB:** | |

| Addresses: | | | |
|---|---|---|---|
| H - Home | ▮▮▮▮▮▮ | | |

| Phones: | | | |
|---|---|---|---|
| M - Mobile | (317) 720-9331 | | |

| Race: White | Eye Color: | Teeth: |
|---|---|---|
| **Ethnicity:** Unknown | **Hair Color:** | **Build:** |
| **Sex:** Female | **Hair Style:** | **Height:** |
| **DLN/ID#:** | **Hair Length:** | **Weight:** |
| **DL/ID State:** | **Facial Hair:** | **Birthplace:** |
| **Resident:** Resides Within Jurisdiction | **Complexion:** | **Hand:** |

Printed: 05/07/2021 11:58:56 AM



GOVERNMENT EXHIBIT
1-C

| Scars, Marks and Tattoos: | | | |
|---|---|---|---|
| | | | |
| **Languages Spoken:** | | | |
| | | | |
| **Employer/School:** | | Occupation/Grade: | |
| **Employer/School Address: ,** | | | |
| **Clothing Description:** | | | |

| VICTIM: Business | | | | | |
|---|---|---|---|---|---|
| **Name:** Avis Budget Rent a Car | | SSN: | DOB: | | Age: |
| **Victim of:** Motor Vehicle Theft | | | | | |
| **Alias Name:** | | Alias SSN: | Alias DOB: | | |
| | | | | | |
| **Addresses:** | | | | | |
| W - Work | 33 N Capitol Ave | | IND, 46204 | | |
| **Phones:** | | Emails: | | | |
| W - Work | (317) 236-1987 | | | | |
| **Race:** | Eye Color: | | Height: | | |
| **Ethnicity:** | Hair Color: | | Weight: | | |
| **Sex:** | Facial Hair: | | Birthplace: | | |
| **DLN/ID#:** | Complexion: | | Hand: | | |
| **DL/ID State:** | Resident: | | | | |
| **Scars, Marks and Tattoos:** | | | | | |
| | | | | | |
| **Languages Spoken:** | | | | | |
| | | | | | |
| **Employer/School:** | | Occupation/Grade: | | | |
| **Employer/School Address: ,** | | | | | |
| **Injury:** | | | | | |
| **Offender Relationships:** | | | | | |
| | | | | | |

| ADDITIONAL PERSON/ORGANIZATION: Charge of Premises | | | | | |
|---|---|---|---|---|---|
| **Name:** Pickering, Larry | | SSN: | **DOB:** ▮1966 | | **Age:** 54 |
| **Alias Name:** | | Alias SSN: | Alias DOB: | | |
| | | | | | |
| **Addresses:** | | | | | |
| W - Work | ▮▮▮▮▮ | | IND, 46204 | Marion | US - United States |
| **Phones:** | | Emails: | | | |
| M - Mobile | (317) 443-4115 | | | | |
| W - Work | (317) 236-1987 | | | | |
| **Race:** White | Eye Color: | | Height: | | |
| **Ethnicity:** | Hair Color: | | Weight: | | |
| **Sex:** Male | Facial Hair: | | Birthplace: | | |
| **DLN/ID#:** | Complexion: | | Hand: | | |
| **DL/ID State:** | Resident: | | | | |

| Scars, Marks and Tattoos: | | |
|---|---|---|
| Languages Spoken: | | |
| Employer/School: | Occupation/Grade: | |
| Employer/School Address: , | | |
| Clothing Description: | | |

| PROPERTY | | | | |
|---|---|---|---|---|
| Type: Automobile/Van/SUV | | | | |
| Property Description: | | | | |
| Status: Stolen | | | | |
| Stolen Property Recovery Date: | | | | |
| Serial Number/VIN: 1G1ZD5ST8LF039932 | | Owner Applied #: | | Hull #: |
| License Plate: FL888ABR | License State: | License Plate Type: | | |
| Total Estimated Value $ 20,000.00 | | Quantity: 1 | | |
| Vehicle Color: | PR - Primary | Red | Property Color: | |
| Condition: | | Identifying Marks: | | |
| Year: 2020 | Manufacturer: | Chevrolet | | |
| Model: Malibu | | | | |
| Towed To: | | Towed By: | | |
| Firearm Information: | | | | |
| Caliber: | Type: | | Length: | Capacity: |
| Drug Type: | Estimated Drug Quantity: | | Drug Measure: | |
| Associated With: | | | | |
| Notes: | | | | |

| POLICE NARRATIVE | |
|---|---|
| Date/Time Entered: 10/29/2020 3:22:12 PM | Entered By: P2749 - PATTERSON, JEFFREY |

On 10/29/2020 I spoke to Larry Pickering who said that on July 30 Stephanie Vinson rented a car from AVIS and hasn't returned it.

| POLICE NARRATIVE | |
|---|---|
| Date/Time Entered: 02/03/2021 1:43:33 PM | Entered By: 30021 - ROBINETT, PHILIP |

On February 3rd, 2021 Officers with IMPD recovered the above stolen vehicle parked in the driveway of 2514 S. Lockburn St. The vehicle was discovered during an ongoing investigation under IMPD case number IP210011654. The vehicle was parked in a driveway, unattended. The vehicle did not have the California license plate on it anymore. The vehicle was towed to Auto Return by Affordable Towing. The vehicle was removed from NCIC/IDACS by IMPD Auto Desk. Further details will be documented in IP210011654.

| INVESTIGATING DEPARTMENT | INVESTIGATING UNIT |
|---|---|
| Indianapolis Metro Police | INV UNIT - Downtown District |

This is the renter associated with the overdue contract, prompting us to report the vehicle as stolen on 29OCT2020.
There are no additional drivers listed on the contract... (Per my records Ostrum is not associated with this contract/rental).

CMD:        B806 RA FACSIMILE PRINT DOC        H/C
RA  334803744 ACT    AGENT ID    PIN    MVA 94627842 PRT    DIV
NAM VINSON,STEPHANIE      SOR T/0048322C          CPN
N/C DNR/DO NOT VEX/REPO 9/3MMVB  CON 3177209331                    PAY CV
AD1 ▮▮▮▮▮▮▮▮▮▮        RMK OVR LMT/ODU VAL ID        WPP NNNN
AD2 PRD/LIFE RENTALS: 002  0002    LIC USIN▮▮▮▮4044        D/C 0/0
AD3 INDIANAPOLIS,IN,46241,US    CID CX498503XXXXXX9657      TAX 7.000
MKO 6596  STA ND5  ETA 30JUL20/1648 AUT 74184/100 FLO G8 REA   DEL
MKI 6597  ILC ND5  ETT 30JUL20/2359 AUT      BFL 0    COL
MCA 10000    F/O    BCD B888888  GRP/$$    ADJ
RAT M /H  HRY    DLY    WKY    M/K    OTR P38624
O/M      DOB ▮▮▮▮▮NMV    ENT        DAM/AK
FTN            CCI 12PTLOD8/10/20
          S.L.I.    .00
TOTAL      386.24        .99    39.65
AGENT ID 30090 SIL CHRY 300M RWD CAR GRP H OWN 08084 REG CA8PWM779  W/PS590T


MVA NO  94627842    VIN NO  2C3CCAEG0LH141817    LIC NO  USCA8UMU223

MISS ENTERD- 21OCT20              RECOV ENTERD- 11FEB21
MISS DATE - 02AUG20    DATE OUT  - 06MAY21   RECOV DATE  - 09FEB21
MISS LOC  - 30598B-ND5    DATE DUE  - 09MAY21
MISS MOVE - 334803744    LOC  DUE  - 01884B-DSM
MISS REASON- ODU VAL ID
CUST NAME  -
CUST ADDR  -


CRED ID  -
DRIV LIC  -
DATE NOTIF - 29OCT20   POL NAME  - INDIANAPOLIS METRO PD
POL LOC    - INDIANAPOLIS,IN
COMP NMBR  - 20-110625
TYPE CRIME - VEHICLE THEFT/ESVB


**Thomas Teefey**
**Regional Security Manager / US Central Area / Northern Region**
**(MI, OH, IN, KY, MN, ND, SD, IL, WI)**



**Detroit Metropolitan Airport / Bldg 287, Lucas Drive**
**Detroit, Michigan 48242**
**(734) 229-3704** *Office*    **(734) 229-3747** *Fax*

**avis budget** group

*CUSTOMER LED | SERVICE DRIVEN™*