

## TOWING/IMPOUNDING VEHICLES

### POLICY

Towing and impounding vehicles is a function performed daily by members of the Indianapolis Metropolitan Police Department (IMPD). It is the policy of IMPD to tow and impound vehicles only when authorized to do so, and to never use the towing of a vehicle as a pretext to search.

No member of the IMPD shall participate in the purchase, sale, or destruction of any impounded automobile, or in any way derive any personal benefit from the purchase, sale, or destruction of an impounded automobile, pursuant to state law.

### DEFINITIONS

Abandoned Vehicle – IC 9-13-2-1 defines an abandoned vehicle as any of the following:

- A vehicle located on public property illegally;

- A vehicle left on public property without being moved for twenty-four (24) hours;

- A vehicle located on public property in such a manner as to constitute a hazard or obstruction to the movement of pedestrian or vehicular traffic on a public right-of-way;

- A vehicle that has remained on private property without the consent of the owner or person in control of that property for more than forty-eight (48) hours;

- A vehicle from which the engine, transmission, or differential has been removed or that is otherwise partially dismantled or inoperable and left on public property;

- A vehicle that has been removed by a towing service or public agency upon request of an officer enforcing a statute or an ordinance other than this chapter if the impounded vehicle is not claimed or redeemed by the owner or the owner's agent within twenty (20) days of the vehicle's removal;

- A vehicle that is at least three (3) model years old, mechanically inoperable, and is left on private property continuously in a location visible from public property for more than twenty (20) days; or

- A vehicle:

  a. That was repaired or stored at the request of the owner;
  b. That has not been claimed by the owner; and
  c. For which the reasonable value of the charges associated with the repair or storage remain unpaid more than thirty (30) days after the date on which the repair work is completed or the vehicle is first stored.

Highway (or "street") – The entire width between the boundary lines of every publicly maintained way when any part of the way is open to the use of the public for purposes of vehicular travel. The term includes an alley (IC 9-13-2-73).

Item(s) of Significant Value – An item the value of which exceeds one hundred dollars ($100) in the reasonable approximation of the officer; or a collection of similar items the value of which exceeds one hundred dollars ($100) in the reasonable approximation of the officer (e.g., CD or DVD collections, clothing, etc.).

**TROY RIGGS**
CHIEF OF POLICE

Supersedes IMPD General Order 7.3,
Effective Date January 1, 2007

Effective: **JUNE 29, 2016**
Page **1** of 8


Public Nuisance – Section 611-203 of the "*Revised Code of the Consolidated City and County Indianapolis/Marion, Indiana*" provides that a vehicle may be declared a public nuisance if any of the following circumstances exist:

- Any vehicle parked or left standing unattended upon any street or public place in the city in violation of any of the provisions of this Code or of any statute of the state;

- Any vehicle known to have been stolen or wrecked and left standing on any street or public place;

- Any vehicle the operator of which is unable to move such vehicle by reason of his incapacity from injury or arrest;

- Any inoperable vehicle that is stored, maintained, or kept in violation of section 621-137, and is not the property of a member of the Armed Forces of the United States who is on Active duty assignment;

- Any vehicle upon which there is a police force hold; or

- Any vehicle which has been involved in four (4) or more violations of traffic ordinances of the city for which notices of traffic violations have been issued pursuant to this chapter, which notices of traffic violations have not been paid, presented for compromise payment or slated into court pursuant to this chapter.

Vehicle Inventory Search – An administrative, routine, and warrantless search of the passenger area (including the glove compartment), trunk, and closed containers, prior to lawfully towing a vehicle.


## PROCEDURE

**I. Authority to Tow**

A. Officers have the authority to tow and impound vehicles when authorized by city ordinance or state statute, or as part of the officers' community caretaking function.

B. Officers must be aware of the current city ordinances and state statutes that authorize the tow and impoundment of vehicles. Some applicable legal authority is provided in **Section VII.** below.

C. Community Caretaking Function

1. For a tow to be valid under this rationale, the following must be shown:

   a. The vehicle poses some threat or harm to the community, or is itself in danger; and

   b. Impoundment of the vehicle is in accordance with established department policy.

2. In assessing whether a particular vehicle constitutes a hazard or is itself in danger, officers should consider:

   a. The degree to which the property upon which the vehicle is situated is under the control of the vehicle owner/operator; and

   b. The length of time the officer reasonably believes the impounded car would be left unattended.

3. Not every vehicle illegally parked or left unattended can be towed under the authority of the community caretaking function; officers must be able to particularly describe why the vehicle is a potential harm to the community or is itself in danger.


## II. Vehicles Which May be Towed

Assuming proper authority exists under **Section I.** above, the following vehicles may be towed and impounded:

A. Causing a traffic or other hazard;

B. Abandoned or in junk condition;

C. Violating parking or other special restrictions;

D. With no or improper certificate of registration or license plate;*

E. With no or altered VIN / MVIN;

F. Being operated by an unlicensed or suspended driver;

G. Reported stolen or recovered;

H. Involved in accidents;

I. Placed in a detective or forfeiture hold status;

J. Involved in a forfeiture action;

K. Owned or operated by a person under custodial arrest for any charge;

L. Involved in an incident for which physical evidence is scheduled to be collected;

M. Involved in an incident for which the coroner has jurisdiction;

N. Items classified as heavy property for towing by department contractual agreement; or

O. Parked in no parking, stopping or standing, rush hour, snow route, or other special parking restrictions. (i.e. where areas are marked as tow-away zones).

| NOTE | *Officers should first verify registration or licensing information by computer or through Communications. |
|------|-----|

## III. Towing and Reporting

A. Officers must contact Communications and request the appropriate wrecker (standard or heavy duty).

| NOTE | Officers must be aware of the current contract information regarding franchise wreckers, heavy-duty franchise wreckers, and water recovery wrecker towing procedures. Updates are available via department directive when changes to the contracts are made. |
|------|-----|

B. Standard wreckers will have twenty (20) minutes to respond to a call for service and Heavy Duty wreckers have thirty (30) minutes to respond.

C. If a parking ticket is issued, the hard copy of a parking ticket must be placed securely on the vehicle, or given to the wrecker driver if the vehicle is towed.


D. Any vehicle (including snowmobiles, mopeds, motorcycles, and gas operated riding lawn mowers) that is impounded must have a completed Tow Slip. The three (3) copies must be distributed as labeled.

E. Officers should ensure the windows are closed and the ignition key accompanies the vehicle being towed. Previous significant damage must also be noted in the report or on the tow slip.

F. Drivers of vehicles involved in accidents may request their own wrecker service. If the vehicle is presenting a hazard, and their wrecker cannot arrive within twenty (20) minutes (thirty (30) minutes for heavy duty wreckers), or the driver or owner is incapacitated or under arrest, a contract wrecker must be used.

G. When towing under the authority of the community caretaking function, the vehicle must be released by the contract wrecker, even if hoisted or attached to the wrecker, when:

1. The owner of the vehicle is on scene and is in possession of a valid driver's license;

2. The owner of the vehicle is arrested or otherwise incapacitated but authorizes the release of the vehicle to another, properly licensed, person on the scene; or

3. The owner of the vehicle arrives on scene and authorizes the release of the vehicle to another, properly licensed, person on the scene.

H. Stolen Vehicles

1. Stolen vehicles must be entered into IDACS/NCIC by contacting the Auto Desk via laptop message or telephone (327-2886) and providing the vehicle information and case number before marking in-service. An original incident report must be made.

2. Recovered stolen vehicles must be removed from IDACS/NCIC by the same process. A supplement to the original incident report must be made.

I. Abandoned Vehicles – Abandoned vehicles (or vehicle parts) may be tagged as abandoned pursuant to current law.

J. Towing Items of Heavy Property

1. Only supervisors are authorized to order a franchise wrecker to tow items of heavy property.

2. The seized item(s) must not be transportable (due to size or weight) in a car, prisoner wagon, or property room truck.

3. The property will be towed to either the Property Room or the Property Room Annex.

4. An incident report must be generated whenever an item of heavy property is towed.

5. The tow slip must have the name, unit number, and identification number of the authorizing supervisor.

| **NOTE** | Heavy property items containing combustibles are not accepted at the Property Room or the Property Room Annex. Therefore, such items are to be towed to the contract wrecker's lot for storage. |
|---|---|


K. Boats

    1. Impounded boats are to be taken to the appropriate franchise wrecker company lot.

    2. Officers are to complete a tow slip containing appropriate hull numbers or other identifiable numbers and all procedures regarding property control.

L. Officers dissatisfied with a particular wrecker service or driver may call the Department of Code Enforcement at 327-8700 to report the problem (e.g., delayed arrival time, poor crash scene clean up, etc.).

## IV. Inventory Searches

A. An inventory search must not be motivated by an officer's desire to investigate and seize evidence of a criminal act.

B. Whenever an officer takes a vehicle into custody, an inventory search will be conducted prior to impoundment and a detailed listing of any item(s) of significant value found in the vehicle will be made.

    1. The vehicle inventory search will consist of searching the passenger compartment of the vehicle.

    2. If a key is available, or if unlocked, the glove compartment and trunk will also be searched.

> **NOTE** Under NO circumstances should force be used to open either the glove compartment or trunk for an inventory search.

C. All items of significant value discovered during an inventory search, including those found in closed containers, will be listed in the officer's personal notebook, the tow slip, or in an incident report.

D. If there is immediate danger, the suspicious item or container will be handled in accordance with the appropriate bomb threat procedures.

E. All property sent to the Property Room must be delivered prior to the end of the officer's shift and must be included in the incident report.

F. The vehicle will be towed to the appropriate location as dictated by the incident.

G. Locked vehicles with no keys available should not be opened unless it is required to facilitate the tow procedure or to secure visible property.

## V. Vehicle Holds

A. Forfeiture and Detective Holds

    1. The reporting officer shall check the appropriate box on the tow slip to reflect the vehicle is being placed on a 'Detective Hold' or a 'Forfeiture Hold' before the tow slip is provided to the wrecker driver.

    2. A 'Detective Hold' should only be placed on vehicles in which the case will be assigned to a detective and such a hold is only valid for seventy-two (72) hours following the incident.

       a. The reason for the hold must be explained in the incident report or inter-department to the booking sergeant.



b. If it is necessary to hold a vehicle longer, an inter-department stating the reason for extension must be sent through the detective's chain-of-command to the Auto Desk.

B. Hold for Plates

Any vehicle that is required to be registered under Indiana Code and does not have the proper certificate of registration or license plate may be impounded and held until a time when the proper certificate of registration and license plate have been procured by the legal owner of the vehicle.

C. Coroner Hold

1. Only the franchise wrecker contracted by the Marion County Coroner's Office is to be used whenever a vehicle being towed is involved in an active coroner's death investigation.

2. The reporting officer will assist by completing the tow slip and including the towed vehicle information in the incident report.

D. Crime-Lab Processing

1. Vehicles needing to be processed by the Crime Lab will be towed to Animal Care and Control at 2600 S. Harding St. An officer or detective must follow the vehicle to maintain the chain of custody.

2. A search warrant must be obtained before Crime Lab will process the vehicle. The detective must seek a warrant as soon as possible.

3. The vehicle must be removed immediately after processing.

| NOTE | Any officer placing a vehicle in Detective Hold, Forfeiture Hold, or Coroner Hold status without following the procedure as established in this directive cannot be guaranteed that the vehicle will be held accordingly. |
| --- | --- |

## VI. Assistance to Motorists

A. It is the policy of this department to render aid to motorists in need of assistance when possible or to relay the need for assistance if stopping to help would be impractical or unsafe.

B. Officers may encounter road hazards that affect the normal and safe flow of traffic.

1. Officers should attempt to correct potential or existing traffic hazards whenever possible.

2. If unable to correct the hazard, officers will notify Communications to arrange an appropriate agency to render the required assistance.

C. It is the responsibility of each officer to render assistance or notify the appropriate agency to provide assistance in both normal conditions and in emergency situations (e.g. vehicle fires, medical emergencies, etc.).

D. Vehicle Occupants Safety – Officers assisting a stranded motorist may elect to take one or more of the following actions depending on the particular situation.

1. Notify an appropriate agency to render the required assistance (e.g., mechanical repair, fuel, etc.); or

2. Have the vehicle towed privately.



    a.  Officers should allow the motorist to specify which service to notify.

    b.  Officers must not recommend a wrecker service, but may provide information as requested.

E.  When a motorist or passenger is stranded in an environment that is considered threatening to the motorist's health or safety, officers should make every effort to ensure the safety of the occupants. This may include:

    1.  Making notification to Communications;

    2.  Waiting until the proper assistance has arrived; or

    3.  Transporting the person(s) to safety if no alternative is available. Officers having cause to transport stranded persons must contact their supervisor for permission, notify Communications of their actions, and provide mileage readings as necessary.

## VII. Legal References

A.  City Ordinance, Sec 611-204: Any officer…upon discovering a vehicle constituting a public nuisance, may cause the vehicle to be impounded as authorized by this article.

B.  Indiana Code, 9-21-16: Officers observing a vehicle that is unattended and in violation of any of the provisions of I.C. 9-21-16 (Chapter 16, Parking) may cause the vehicle to be impounded (e.g., obstructing traffic, illegal parking, or blocking an intersection).

C.  Indiana Code, 9-18-2-43: Not withstanding any law to the contrary…a law enforcement officer authorized to enforce motor vehicle laws who discovers a vehicle required to be registered under this article that does not have the proper certificate of registration or license plate:

    1.  Shall take the vehicle into the officer's custody; and

    2.  May cause the vehicle to be taken to and stored in a suitable place until:

        a.  The legal owner of the vehicle can be found; or

        b.  The proper certificate of registration and license plates have been procured.

D.  Indiana Code, 9-22-1-5: When an officer discovers a vehicle in the possession of a person other than the owner of the vehicle and the person cannot establish the right to possession of the vehicle, the vehicle shall be taken to and stored in a suitable place determined by the officer.

E.  Indiana Code, 9-22-1-11 through14: These sections establish procedures and authority for the tow of abandoned vehicles.

F.  U.S. Supreme Court Case South Dakota v. Opperman, 428 U.S. 364 (1976), the U.S. Supreme Court recognized the practice of securing and inventorying the contents of impounded vehicles for the following purposes:

    1.  The protection of the owner's property while the vehicle is in police custody;

    2.  Protection of the police against false claims or disputes over lost or stolen property; and

    3.  Protection of the police from possible danger.



G. U.S. Supreme Court Case Colorado v. Bertine, 479 U.S. 367 (1987), the U.S. Supreme Court held the practice of searching containers found inside a vehicle, being searched pursuant to standardized police inventory search policy, to be constitutional.

H. Indiana Constitution, Article 1, Section 11, Search and Seizure

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."